UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIZABETH CATO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| IBIS TRAIL AT COVINGTON, LLC | * | JUDGE |
| and XYZ INSURANCE COMPANY | * | |
| | * | MAGISTRATE |
| | * | |

\* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, Ibis Trail at Covington, LLC (hereinafter "Ibis Trail") hereby removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds set forth below:

1.

On March 24, 2016, Elizabeth Cato filed Plaintiff's Original Petition ("Petition") against Ibis Trail in the 22nd Judicial District Court of the Parish of St. Tammany, State of Louisiana, entitled *"Elizabeth Cato versus Ibis Trail at Covington, LLC"* bearing docket no. 2016-11192 (hereinafter the "state court action"). A copy of the Petition in the state court action is attached hereto as Exhibit "1."

2.

The Petition in the state court action seeks damages from defendant, Ibis Trail, for personal injuries arising out of an incident that allegedly occurred on March 28, 2015 at Ibis Trail at Covington Apartment Complex located at 28 Park Place Drive, Covington, LA 70433. *See* Petition, ¶¶ 2 and 3, Exhibit 1 hereto.

3.

Ibis Trail removes the state court action from the 22nd Judicial District Court of the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. §1441 *et seq.* and 28 U.S.C. § 1446 *et seq.*

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441**.

**Complete Diversity of Citizenship Exists**

4.

The only Plaintiff, Elizabeth Cato, is a resident of and domiciled in the Parish of St. Tammany, State of Louisiana. *See* Petition, Exhibit 1, Introductory Paragraph.

5.

The only named defendant is a limited liability company. With respect to a limited liability company, the citizenship of each member of the limited liability company, rather than the place of its organization and principal place of business, determines the citizenship of the LLC for purposes of determining diversity jurisdiction. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2005).

6.

The only defendant, Ibis Trail at Covington, LLC, is a Florida limited liability company which has one (1) member: Astor Property Holdings, LLC. Astor Property Holdings, LLC is a Florida limited liability company which has two (2) members: Henry Torres and Peter Torres. Henry Torres and Peter Torres are each individuals and are citizens of the state of Florida.

**XYZ Insurance Company is a Fictitious Defendant Whose
Citizenship May Be Disregarded for Purposes of Determining Diversity of Citizenship**

7.

Pursuant to 28 U.S.C. § 1441(b), in determining whether a civil action is removable on the basis of 28 U.S.C. § 1332(a), the citizenship of any defendant sued under a fictitious name shall be disregarded. 28 U.S.C. § 1441(b). "XYZ Insurance Company" is a defendant sued under a fictitious name. *See* Petition, Exhibit "1", ¶ 2. Therefore, the citizenship of "XYZ Insurance Company" can be disregarded in determining whether this Court has jurisdiction over the state court action.

8.

Thus, pursuant to 28 U.S.C. §§ 1332 and 1441, complete diversity of citizenship between all plaintiffs and all only properly named, non fictitious defendants.

**The Amount in Controversy Is Met**

9.

28 U.S.C. § 1332 provides federal district courts with original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . ."

10.

For purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000 in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002), quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

11.

The Petition alleges injuries and damages, which if true, make it facially apparent from the Petition that the amount in controversy exceeds $75,000 exclusive of interest and costs. The Petition alleges in Paragraph 4 that the plaintiff "tripped and fell in a hole in the ground outside her unit and suffered severe and disabling injuries." Additionally, the Petition at Paragraph 6 asserts that, as a result of the alleged fall at the Ibis Trail at Covington Apartment Complex, plaintiff "has suffered pain, disability, medical expenses and impairment of earning capacity, and will continue to suffer such losses in the future." *See* Petition, Exhibit 1, ¶¶ 4 and 6.

12.

Further, counsel for Ibis Trail is informed that, as an alleged result of the incident asserted in the Petition, Plaintiff underwent a surgical procedure known as a discectomy, and related pre- and post-surgical expenses.

13.

Ibis Trail has met its burden of showing that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Removal is Timely**

14.

Ibis Trail was served with the Petition in the state court action on April 6, 2016. This Notice of Removal is filed within thirty (30) days of the receipt by Ibis Trail of the initial pleading setting forth the claim for relief upon which this civil action is based in accordance with 28 U.S.C. § 1446(b).

**All Notices and Pleadings Are Being Provided**

15.

Pursuant to 28 U.S.C. §1446(a), a copy of the Petition in the state court action is being provided and is attached hereto as Exhibit 1 to this Notice of Removal and comprises the entire known record in the state court action. No other process, pleadings or orders have been served upon removing defendant.

**WHEREFORE**, Defendant, Ibis Trail at Covington, LLC, removes the state court action to this Court pursuant to 28 U.S.C. § 1332 et seq. and 28 U.S.C. § 1441 in that complete diversity of citizenship exists between all plaintiffs and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

/s/Maureen O. Sullivan
**MAUREEN O. SULLIVAN, T.A. (#12572)**
Maureen.Sullivan@lewisbrisbois.com
**KATHLEEN M. MAYNARD (#35471)**
Kathleen.Maynard@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
400 Poydras Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 322-4100
Facsimile: (504) 754-7569
*Attorneys for Defendant,*
*Ibis Trail at Covington, LLC*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has been served electronically upon all counsel of record has been served upon all counsel of record and upon the Clerk of the State Court in which this case was originally filed, by placing same in First Class, United States Mail, postage prepaid and properly addressed, this 15th day of April, 2016.

              /s/Maureen O. Sullivan
              **MAUREEN O. SULLIVAN**