UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIZABETH CATO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 2:16-cv-03227 |
| | * | |
| IBIS TRAIL AT COVINGTON, LLC and XYZ INSURANCE COMPANY | * * | JUDGE LANCE M. AFRICK |
| | * | MAGISTRATE JANIS |
| | * | van MEERVELD |
| | * | |
| *   *   *   *   *   *   *   * | | |

### DEFENDANT'S SUGGESTED FINDINGS OF FACT AND CONLCUSIONS OF LAW AS TO COLLATERAL SOURCE

**MAY IT PLEASE THE COURT:**

Defendant, Ibis Trail at Covington, LLC ("Ibis Trail") submits the following Suggested Findings of Fact and Conclusions of Law with respect to the collateral source rule and its effect on the recovery potentially available from the Defendant for the medical expense claimed by the Plaintiff in this case.[1]

### Introduction

These Suggested Findings and Conclusions Of Law address the single issue of whether any judgment rendered in this case in favor of the Plaintiff may include the amount of full medical expenses related to her treatment. The Plaintiff (currently 42 years old) enlisted in the U.S Marines in 1995 when she was 20. She fell 6 inches down stairs shortly after starting boot

---

[1] This is a premises liability case in which both liability or medical causation are contested. Ibis Trail submits these suggested findings and conclusions on the non-applicability of the collateral source rule without concession and without waiving its right to provide additional suggested findings and conclusions to the Court on or before January 23, 2017 as required by the Scheduling Order in this case. (Doc. 10)

camp, fracturing her ankle. She was discharged from the service administratively several months later for reasons unrelated to the fall and subsequent ankle surgery. Although she never completed boot camp and was enlisted in the military for less than 4 months, she has received disability benefits and medical care from the Veterans Administration (VA) since 1995.

In this case, Plaintiff asserts that an alleged fall at the Defendant's apartment complex required surgery, specifically a lumbar hemi-laminectomy. Part of the Plaintiff's claim for recovery against Ibis Trail is for medical expenses totaling $58,741.95. For the reasons set forth below, and in light of the fact that all of Plaintiff's medical expenses were paid for by the VA, at no cost to Plaintiff, the collateral source rule does not apply. As a result, the "retail value" of the medical expense billing is not recoverable and Ibis Trail will be entitled to an offset to any judgment rendered against it in the amount of all medical expense discounted by the VA and "written off" by medical providers.

### **Suggested Findings of Fact – Collateral Source Rule**

1. Plaintiff Elizabeth Cato (Cato) is a former tenant at an apartment complex owned by Defendant Ibis Trail of Covington, LLC (Ibis Trail).

2. Cato seeks recovery in this action for personal injury allegedly sustained by her as a result of an alleged fall on a lawn at the Ibis Trial premises.

3. Cato alleges that the fall occurred on March 28, 2015.

4. Cato underwent surgery (lumbar hemi-laminectomy) on October 15, 2015 as an alleged result of the fall at Ibis Trail.

5. Cato is no longer treating for the medical conditions that she alleges she sustained as a result of the Ibis Trail fall and concluded all treatment as of October 26, 2015.

6. Cato claims total medical expenses as a result of the alleged Ibis Trail fall in the full amount of $58,741.95. *See*, Plaintiff's Exhibit 1, Summary of Medical Expenses, attached hereto as Exhibit 1.

7.  The VA, through its administrator TriWest Healthcare Alliance (Triwest), paid all of Cato's medical expenses in this case after applying applicable discounts.

8.  TriWest serves the Department of Veterans Affairs (VA) through the Patient-Centered Community Care (PC3) and Veterans Choice programs to provide health care through civilian providers when VA care is not available. *See*, https://www.triwest.com.

9.  Cato paid no co-pay, deductible or any other out of pocket amount as a result of any treatment or procedure she underwent as an alleged result of the Ibis Trail fall.

10. The VA, through its administrator TriWest, has waived its right to recovery and asserts no lien or claim in subrogation. *See*, email from Todd Pomeroy, Esq., General Counsel, TriWest Healthcare Alliance, dated December 12, 2016, attached hereto as Exhibit 2.

11. The total amount billed by providers for Cato's treatment to VA was $58,939.95. The VA discounted those billings by $50,901.59 and the providers accepted the "write offs" of $50,901.59. *See*, Summary of Medical Expenses As Billed and As Paid by TriWest, attached hereto as Exhibit 3.

### **Suggested Conclusions of Law – Collateral Source Rule**

1.  Cato is a Louisiana citizen who initially filed this action in Louisiana state court seeking tort recovery (premises liability).

2.  This action was removed to this Court by the Defendant Ibis Trail.

3.  The substantive law of the state of Louisiana applies to Cato's claims as to applicability of the collateral source rule.

4.  Under Louisiana law, the collateral source rule apples in certain circumstances as set forth by the Louisiana Supreme Court in *Bozeman v. State*, 879 So.2d 692 (La. 2004).

5.  Under the collateral source rule, a tortfeasor is barred from reducing the damages it owes to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor. *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008)

6.  Application of the collateral source rule depends less upon the source of funds than upon the character of the benefits received. *Howard v. Offshore Liftboats, LLC*, U.S. Dist. LEXIS 5945 (E.D. La., 2016), citing *Haughton v. Blackships, Inc.*, 462 F.2d 788, 790 (5th Cir. 1972).

7.  In *Bozeman v. State*, 879 So.2d 692, 697, the Louisiana Supreme Court explored the history and application of the collateral source rule in Louisiana, noting that the

collateral source rule is "a rule of evidence and damages that is of common law origin, yet embraced and applied by Louisiana courts, citing *La. Dep't of Transp. & Dev. v. Kan. City So. Ry. Co.*, 846 So.2d 734, 739 (La. 2003) and adopted the rule to be used in Louisiana from the Restatement (Second) of Torts § 920A (1979) that a "tortfeasor may not benefit ... because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Bozeman,* 879 So.2d at 698, citing *Kan. City So. Ry.*, 846 So.2d at 739-40.

8. In *Bozeman*, the Louisiana Supreme Court held that the collateral source rule does not apply to the amount billed for medical expenses under the Medicaid program, because plaintiff pays no enrollment fee, has no wages deducted, and otherwise provides no consideration for the benefits received. Thus, in Louisiana, the Court held that the plaintiff is unable to recover the "write-off" amount. 879 So.2d at 705.

9. In so holding that a Medicaid recipient can not recover the amount "written off," the Louisiana Supreme Court cited with approval *Gordon v. Forsyth County Hospital Authority, Inc.*, 409 F.Supp. 708, 719 (M.D.N.C.1975), affirmed in part and vacated in part, 544 F.2d 748 (4th Cir.1976):

> "(i)t would be unconscionable to permit the taxpayers to bear the expense of providing free medical care to a person and then allow that person to recover damages for medical expenses from a tort-feasor and pocket the windfall."

10. In *Bozeman*, after careful review, the Louisiana Supreme Court concluded that:

> "Medicaid is a free medical service, and that no consideration is given by a patient to obtain Medicaid benefits. His patrimony is not diminished, and therefore, a plaintiff who is a Medicaid recipient is unable to recover the 'write off' amounts. The operative words here are "free medical care," which, again, we hold is applicable to plaintiffs who receive Medicaid, not plaintiffs who receive Medicare or private insurance benefits.

879 So.2d at 705.

11. Fifth Circuit's jurisprudence is in accord with Louisiana law on this issue. In *Miciotto v. U.S.*, 270 F. App'x 301, 303 (5th Cir. 2008), the Fifth Circuit explained that "for the [collateral source] rule to apply to 'write-off' amounts of medical expenses that were billed but not paid because a third-party negotiated a lesser amount, the plaintiff must give some consideration for the benefit obtained or otherwise suffer a diminution of patrimony."

12. This Court has also held, following *Bozeman*, that because Medicaid is a free medical service, unlike private insurance or Medicare where a portion of wages are deducted to cover potential costs, there is no cost to the plaintiff for Medicaid. *Lovell v. Master Braxton, LLC*, 2016 U.S. Dist. LEXIS 159884 at *16 (E.D. La. 2016) (Jones Act seaman can not recover for Medicaid billings). See also, *Thibodaux v. Wellmate*, 2016 WL 2983950 (E.D. La. 2016)(written off portion of LHWCA benefits not recoverable);

> *Hoffman v. 21st Century N. Am. Ins. Co.*, No. 14-2279, (La. 10/2/15); 2015 WL 5776131 (discount negotiated by plaintiff's attorney not recoverable); *Bellard v. Am. Cent. Ins. Co.*, 980 So.2d 654, 669 (La. 2008) (written off portion of WC benefits not recoverable).

13. Medical services provided through the VA are treated like Medicaid benefits because they are a free service. In *Mays v. United States*, 806 F.2d 976 (10th Cir. 1986), cert. denied, 482 U.S. 913, 107 S. Ct. 3184, 96 L. Ed. 2d 673 (1987), the retired service member argued that his contribution to CHAMPUS benefits (predecessor of TriWest) consisted of his 21 years of service in the military. The Tenth Circuit specifically rejected this argument, holding that service is not the type of contribution required by the collateral source rule because CHAMPUS benefits are available due to the status of the retired service member and not due to any monetary contribution by him. There is no contribution to a "special fund" from which benefits the benefits are received. 806 F.2d at 977.

14. Medical expenses billed to and paid for by the VA are not a collateral source. *Kornegay v. United States*, 929 F. Supp. 219 (E.D. Va. 1996). In cases involving federal programs, the central question is whether the plaintiff paid into the government program that awarded them the benefit. If so, such plaintiffs deserved the benefit of the bargain, and ere were not barred from recovering both from the tortfeasor and the government program. Conversely, if the plaintiff did not pay out of his own pocket for the benefit, an offset is allowed. Id. at 220.

15. Congress has plainly indicated that the costs of medical services (whether provided directly by the government or through a scheme such as CHAMPUS) are an asset of the United States, and not the property or asset of the individual plaintiff, even if the plaintiff is suing a third-party tortfeasor. The United States "and only the United States" has the right to recover those costs from the third party. *See* 42 U.S.C. § 2651 (Federal Medical Care Recovery Act); *McCotter v. Smithfield Packing Co.*, 868 F. Supp.160 (E.D.Va. 1994).

16. The medical expenses of Plaintiff Cato were paid by the VA through TriWest. Any recovery rights would be in favor of the U.S. under the Federal Medical Cost Recovery Act, 42 U.S.C. §2651-2653 (FMCRA). FMCRA provides Tricare with rights as a subrogee and intervenor when a third party is responsible for payment for all or part of the same medical treatment which Tricare paid. Any amount Tricare paid for medical care and services provided to a military service member is considered a claim by the US only against any liable third party for the care provided.

17. The United States, through TriWest, has waived its right to assert a lien on any recovery by the Plaintiff against Ibis Trial and has waived its subrogation rights against Ibis Trial. *See,* Exhibit 2.

18. Under *Bozeman*, Medicaid recipients are unable to collect the Medicaid "write-off" amounts as damages because no consideration is provided for the benefit and the plaintiff's recovery is limited to what was paid to the medical provider by Medicaid.

19. Similarly, and consistent with *Bozeman* and the case law cited above, recipients of medical services through the VA are not entitled to recover from the alleged tortfeasor that portion of medical expenses discounted by the VA and "written off" by the providers. The "written off" portion of medical expenses are not a "collateral source."

20. The "written off" portion of the medical expenses of the Plaintiff in this case were $50,901.59 for her treatment as an alleged result of the alleged fall at Ibis Trail. *See,* Exhibit 3 - Summary of Medical Expenses As Billed and As Paid.

21. Plaintiff can not recover against Ibis Trail for the "written off" portion of any medical expense that she establishes she may be entitled to recover as special damages at trial.

22. Per that Exhibit 3 – Summary of Medical Expenses As Billed and As Paid, Plaintiff's recovery of medical expenses (if any) is limited to $8,038.36.

        */s/ Maureen O. Sullivan*
**MAUREEN O. SULLIVAN, T.A. (#12572)**
Maureen.Sullivan@lewisbrisbois.com
**KATHLEEN M. MAYNARD (#36571)**
Kathleen.Maynard@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
400 Poydras Street, Suite 2000
New Orleans, Louisiana  70130
Telephone:  (504) 322-4100
Facsimile:   (504) 754-7569
*Attorneys for Defendant,*
*Ibis Trail at Covington, LLC*

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a copy of the above and foregoing Suggested Findings of Fact and Conclusions of Law as to Collateral Source by Defendant, Ibis Trail at Covington, LLC  has this day been forwarded to all counsel of record electronically utilizing CM/ECF system or by depositing a copy of same in the United States Mail, postage prepaid and properly addressed and with sufficient postage affixed, this 3rd day of January, 2017.

        */s/ Maureen O. Sullivan*
        **MAUREEN O. SULLIVAN**